IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MACIAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SALINAS VALLEY STATE PRISON WARDEN, SERGEANT. ROGUE, C. O. STUBER,<br><br>　　　　Defendants.<br>_____ | No. C 06-0077 JSW (PR)<br><br>**ORDER OF SERVICE OF DELIBERATE INDIFFERENCE CLAIM**<br><br>(Docket Nos. 2, 4) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California, currently incarcerated at Corcoran State Prison in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights at Salinas Valley State Prison. Plaintiff also seeks leave to proceed in forma pauperis (docket nos. 2, 4). The Court will order the claims served as to Defendants Rogue and Stuber. For the reasons set forth below, Plaintiff's claims against the other Defendant and on behalf of Plaintiff Serrano is DISMISSED. A separate order issued this date grants Plaintiff's in forma pauperis applications (docket nos. 2, 4).

## STATEMENT OF FACTS

Plaintiff complains that during his incarceration at Salinas Valley State Prison, Sergeant Rogue and Correctional Officer Stuber were deliberately indifferent to his safety by failing to protect him from a stabbing that they were aware of before it

happened and that Rogue locked up a fellow inmate who refused to stab Plaintiff. Plaintiff seeks damages.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

I.   <u>Deliberate Indifference Claim</u>

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See id.* at 833; *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *See Farmer*, 511 U.S. at 834.

A prisoner need not wait until he is actually assaulted to state a claim and obtain

2

relief. *See id.* at 845; *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973); *Stickney v. List*, 519 F. Supp. 617, 620 (D. Nev. 1981). If the court finds the Eighth Amendment's objective and subjective requirements satisfied, it may grant appropriate relief. *See Farmer*, 511 U.S. at 845-46; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *see Berg*, 794 F.2d at 459; *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison, *see Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (ignoring slippery shower floors and other physical impediments may constitute deliberate indifference to a serious risk of harm to mobility impaired inmate). In this case, Plaintiff has set forth sufficient facts to assert a claim for deliberate indifference to his safety by Sergeant Rogue and Correctional Officer Stuber in failing to protect him from being stabbed by another prisoner.

II.     Supervisory Defendant

With regard to the Plaintiff's naming of the Warden of Salinas Valley as a Defendant, Plaintiff has failed to set forth any allegations against him. Because a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), Plaintiff fails to state a claim against the Warden. A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th

3

Cir. 1989). Under no circumstances is there respondeat superior liability under § 1983, that is, liability solely because one is responsible for the actions or omissions of another. *Id.* Because Plaintiff apparently names the Warden based solely on his supervisory role (unlike the other Defendants who knew of the planned assault but failed to act), Defendant Warden will be dismissed.[1] Moreover, because a *pro se* plaintiff cannot represent another person, *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), Ralph Serrano is dismissed from this action as a fellow Plaintiff, without prejudice to filing suit on his own behalf with regard to this claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff Macias states a cognizable claim against Defendants Rogue and Stuber. Plaintiff Serrano and Defendant Warden are DISMISSED from this action. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon: **Sergeant Rogue and Correctional Officer Stuber at Salinas Valley State Prison.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

---

[1] However, if Plaintiff had intended to state a claim against the Warden based on proper allegations of liability, he will be accorded leave to file an amended complaint, provided he does so within thirty days of the date of this order.

4

1 **qualified immunity found, if material facts are in dispute.  If Defendants are of the**
2 **opinion that this case cannot be resolved by summary judgment, they shall so**
3 **inform the Court prior to the date the summary judgment motion is due**.
4 All papers filed with the Court shall be promptly served on the Plaintiff.
5 b. Plaintiff's opposition to the dispositive motion shall be filed with the
6 Court and served on Defendant no later than **thirty (30) days** from the date Defendants'
7 motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

  5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: May 17, 2006

            _____
            JEFFREY S. WHITE
            United States District Judge