1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8   JAMES M. MACIAS,                    )   No. C 06-0077 JSW (PR)
                                        )
9              Plaintiff,               )   **ORDER GRANTING DEFENDANT'S**
                                        )   **MOTION TO DISMISS FOR FAILURE**
10            v.                        )   **TO EXHAUST**
                                        )
11  SALINAS VALLEY STATE                )   **(Docket nos. 12, 14)**
    PRISON WARDEN, SGT. ROGUE,          )
12  C. O. STUBER,                       )
                                        )
13            Defendants.               )
    _____    )

14

15         Plaintiff James M. Macias is a state prisoner currently incarcerated at the

16  California Substance Abuse Treatment Facility in Corcoran, California.  On January 12,

17  2005, he filed a previous civil rights action under Case No. C 05-0180 JSW (PR),

18  alleging that officers at Salinas Valley State Prison failed to protect him from an assault

19  that occurred on September 20, 2003.  On February 25, 2005, this Court dismissed that

20  complaint based on Plaintiff's assertion that he failed to exhaust his complaint through

21  the administrative grievance system.  In the original complaint, Plaintiff stated that he

22  had not exhausted the claims through the prison's administrative grievance procedure

23  because he was only seeking monetary damages, and "because the issue will just get

24  denied[.]"  The Court's dismissal was without prejudice to Plaintiff filing a new

25  complaint after exhausting the administrative remedies available to him.

26         Thereafter, on January 9, 2006, Plaintiff filed the instant complaint involving the

27  same subject matter.  In the complaint, Plaintiff states that he has exhausted the

28  complaint to the highest level available to him and attaches several documents from the

prison appeals coordinator, which document that Plaintiff's two attempts to exhaust his administrative grievances, filed on March 1, 2005 and July 5, 2005 were "screened out" at the informal level because they were filed outside of the time limits for filing such appeals. *See,* Plaintiff's Exhibits in support of Complaint.

On May 17, 2006, after reviewing the allegations in the complaint pursuant to 28 U.S.C. § 1915A(a), the Court issued an Order of Service. On October 25, 2006, Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that plaintiff failed to exhaust administrative remedies, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Plaintiff has filed an opposition and Defendant has filed a reply. Plaintiff has also filed a motion seeking appointment of counsel (docket no. 14).

**DISCUSSION**

A.    Standard of Review

Nonexhaustion under § 1997e(a) is an affirmative defense under the PLRA. *Jones v. Bock*, 127 S. Ct. 910, 919 (2007). Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Id.* In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Id.* at 1120. If the court concludes the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA

exhaustion requirement requires proper exhaustion. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote omitted).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal Code Regs tit 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v Ratelle*, 985 F Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal Code Regs tit 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *Id* at 1237-38. Title 15, section 3084.6(c) of the California Code of Regulations requires that inmates file an inmate appeal within fifteen working days of date of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

B.    <u>Analysis</u>

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

Here, Defendants correctly raise nonexhaustion in an unenumerated  motion to dismiss and argue that Plaintiff's prisoner action should be dismissed because Plaintiff did not exhaust available administrative remedies under § 1997e(a) as to all claims before he filed suit.  In support of the instant motion, Defendants reference the two appeals filed by Plaintiff on March 1, 2005 and July 5, 2005, which he included as attachments to the complaint.  Defendants further rely on Plaintiff's statements in the complaint that neither of his inmate appeals proceeded beyond the informal level of review in the appeals process and that, as a result, he did not obtain a Director's level decision at the third formal level of review.  *See,* Motion to Dismiss at 3.

In opposition to the motion, Plaintiff requests the Court to deny the motion and alleges only that he was transferred a number of times as a means of explaining his failure to exhaust the administrative remedies regarding these claims.  Additionally, in the complaint signed under penalty of perjury on September 23, 2004 in his initial case, Plaintiff stated that he had not presented the facts underlying the complaint in the grievance procedure because "the issue will just get denied [sic] I am asking for money damages."  *See,* Case No. C 05-00180 JSW (PR), Complaint at 2.  Plaintiff has conceded that he failed to exhaust the issues underlying the complaint prior to filing the initial complaint. *See Wyatt* at 1120.

Plaintiff's attempts at exhausting the claims in early 2005 came long after the fifteen days required for proper exhaustion.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote omitted).  As set forth above, the deadline for filing a written grievance is fifteen days after the date of incident of which one is complaining.  The incident alleged in the complaint occurred on September 30, 2003, more than eighteen months before the submission of his

administrative appeals in March and July, 2005.  As a result, these attempts at filing an administrative appeal do not  satisfy the exhaustion requirement because they were untimely.  *Id.* at 2382.

Plaintiff does not dispute that such administrative remedies were available to inmates at the time of the incident alleged in his complaint.  Plaintiff instead requests that the Court find that his attempts to exhaust the claims after the expiration of the time to exhaust them had passed were sufficient.  In so doing, Plaintiff relies on case law that is no longer good law.  *See Booth*, 532 U.S. at 737, 741; *Ngo,* 126 S. Ct. at 2378. However, the Court is bound by these decisions of the Supreme Court in deciding the motion.  Consequently, Plaintiff's complaint will be dismissed without prejudice for failure to exhaust.  *See Wyatt*, 315 F.3d at 1119-20 (holding where court finds lack of exhaustion, proper remedy is dismissal without prejudice).

**MOTION FOR COUNSEL**

On October 13, 2006, Plaintiff filed a motion seeking appointment of counsel, based on the fact that he is indigent and suffers from mental illness, which makes him sleepy and "forget things, that I read."  However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal

issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*   In this case, Plaintiff has demonstrated sufficient ability to articulate his claims and represent himself in these proceedings.  As such, Plaintiff's motion is DENIED (docket no. 14).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to exhaust administrative remedies (docket no. 12) is GRANTED and the action is DISMISSED without prejudice.  The Clerk shall terminate all pending motions as decided by this order, enter judgment and close the file.

IT IS SO ORDERED.

DATED:  June 6, 2007

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES M. MACIAS,

               Plaintiff,

  v.

SALINAS VALLEY STATE PRISON et al,

               Defendant.

_____/

Case Number: CV06-00077 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Michael Macias
K78762
CSP Corcoran
900 Quebec
Corcoran, CA 93212-8800

Samantha D. Tama
California State Attorney General 's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Dated: June 6, 2007

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk